**Douglas C. Fladseth**  (Bar No. 083420)
**LAW OFFICE OF DOUGLAS C. FLADSETH**
**1160 North Dutton Avenue, Suite 180**
**Santa Rosa, California 95401**
**Telephone: (707) 545-2600**
**Fax: (707) 545-0552**
fladseth@aol.com

**Attorneys for Plaintiffs**

UNITED STATE DISTRICT COURT

Northern District of California

| | |
|---|---|
| ANNA NEPHEW, PETER NEPHEW, AN, KN, and IN, | Case No. |
| Plaintiffs, | **COMPLAINT** |
| vs. | |
| SANTA ROSA MEMORIAL HOSPITAL, ST. JOSEPH HEALTH and DOES 1-10, inclusive, | |
| Defendants. | |

## STATEMENT OF THE CASE

1.    On April 15, 2014 ANNA R. NEPHEW was 22 weeks pregnant with her fourth child.

2.    ANNA began to experience contractions and severe pain at work.  She went home for lunch and was unable to return.

3.    ANNA'S husband, PETER NEPHEW called to the ER at Defendants' hospital, the nearest hospital, to advise they were enroute with ANNA in severe pain and having contractions.

4.    Upon arrival ANNA was asked about her insurance.  ANNA advised her insurance information.

///

Complaint

1    5.    Thereafter, the hospital, its agents and employees recognized that this was

2 effectively an uninsured patient, covered only by a managed care Medicaid program or otherwise

3 limited in coverage and not the type of patient that would benefit the hospital's bottom line.

4    6.    Despite knowing that Federal law EMTALA specifically applied to this woman in

5 labor appearing at their emergency department for care, and that Defendant hospital's own

6 policies and procedures also mandated  a Medical Screening Exam (MSE) and Stabilization of

7 ANNA's condition, Defendants and each of them failed and refused to follow these mandatory

8 procedures and instead delayed and refused all necessary emergency care and treatment while

9 repeatedly asking questions about her insurance and other matters.  At no time was ANNA

10 provided any medical care or treatment nor even a minimal medical evaluation.  Nothing was

11 done for ANNA'S severe pain. Nothing was done for ANNA'S bleeding.  Nothing was done for

12 ANNA'S premature contractions.

13    7.    Instead, ANNA was required to leave the hospital and drive with her husband and

14 three small children to another hospital.

15    8.    At the other hospital, care and treatment was provided.  By then it was too late to

16 prevent the premature birth of ANNA and PETER'Ss fourth child, their first son, Gabriel

17 Nephew.  Gabriel was not able to survive the trauma and premature labor and premature birth.

18 Gabriel died the next day after he was born.

19                    **IDENTIFICATION OF PARTIES**

20    **A.    Plaintiffs.**

21    9.    ANNA NEPHEW, 830 Jennings Avenue, Unit 304, Santa Rosa, CA 95401.

22    10.    PETER NEPHEW, 830 Jennings Avenue, Unit 304, Santa Rosa, CA 95401.

23    11.    AN, 830 Jennings Avenue, Unit 304, Santa Rosa, CA 95401.

24    12.    KN, 830 Jennings Avenue, Unit 304, Santa Rosa, CA 95401.

25    13.    IN, 830 Jennings Avenue, Unit 304, Santa Rosa, CA 95401.

26    **B.    Defendants.**

27    14.    SANTA ROSA MEMORIAL HOSPITAL, 1165 Montgomery Drive, Santa Rosa,

28 California 95405.

Complaint

15. ST. JOSEPH HEALTH, 3345 Michelson Drive, Ste 100, Irvine, CA 92612.

16. Does 1-100.

## JURISDICTION AND VENUE

17. This case belongs in federal court under federal question jurisdiction because it is about federal law(s) or right(s) of EMTALA.

18. Venue is appropriate in this Court because all Defendants live in California and at least one of the Defendants lives in this district and because a substantial part of the events being sued about happened in this district.

19. Plaintiffs hereby demand a jury trial in this action.

## INTRADISTRICT ASSIGNMENT

20. This lawsuit should be assigned to San Francisco/Oakland Division of this Court because this is the district where the event occurred.

## STATEMENT OF FACTS AND CLAIMS

21. On April 15, 2014 ANNA R. NEPHEW was 22 weeks pregnant with her fourth child.

22. ANNA began to experience contractions and severe pain at work. She went home for lunch and was unable to return.

23. ANNA'S husband, PETER NEPHEW called to the ER at Defendants' hospital, the nearest hospital, to advise they were enroute with ANNA in severe pain and having contractions.

24. Upon arrival ANNA was asked about her insurance. ANNA advised her insurance information.

25. Thereafter, the hospital, its agents and employees recognized that this was effectively an uninsured patient, covered only by a managed care Medicaid program or otherwise limited in coverage and not the type of patient that would benefit the hospital's bottom line.

26. Despite knowing that Federal law EMTALA specifically applied to this woman in labor appearing at their emergency department for care, and that Defendant hospital's own policies and procedures also mandated a Medical Screening Exam (MSE) and Stabilization of

Complaint

1  ANNA's condition, Defendants and each of them failed and refused to follow these mandatory

2  procedures and instead delayed and refused all necessary emergency care and treatment while

3  repeatedly asking questions about her insurance and other matters.  At no time was ANNA

4  provided any medical care or treatment nor even a minimal medical evaluation.  Nothing was

5  done for ANNA'S severe pain. Nothing was done for ANNA'S bleeding.  Nothing was done for

6  ANNA'S premature contractions.

7      27.    Instead, ANNA was required to leave the hospital and drive with her husband and

8  three small children to another hospital.

9      28.    At the other hospital, care and treatment was provided.  By then it was too late to

10  prevent the premature birth of ANNA and PETER'Ss fourth child, their first son, Gabriel

11  Nephew.  Gabriel was not able to survive the trauma and premature labor and premature birth.

12  Gabriel died the next day after he was born.

13      29.    Defends intentionally and recklessly and negligently refused and failed to follow

14  federal law EMTALA and state law and their own policies and procedures all of which mandated

15  medical screening and stabilization Anna's emergency medical conditions of severe pain and

16  premature contractions and bleeding when she presented to their ER.

17      30.    Defendants' pattern and practice was to deny and avoid care for indigent and

18  uninsured and underinsured and those with substance and/or mental health issues or apparent

19  questionable immigration status.

20      31.    Despite claiming to be a charitable and caring organization by history Defendants

21  have instead placed corporate profits and revenues ahead of patient care and safety due to

22  financial pressures they have received from competing facilities including but not limited to

23  Sutter Heath and Kaiser and for other unknown reasons.

24      32.    Defendants have repeatedly "dumped" other patients in violation of EMTALA

25  including but not limited to Michael Torres, whom they discharged to die in their parking lot due

26  to severe pneumonia of days duration which went undiagnosed and untreated and for which the

27  hospital was cited by federal authorities.

28  ///

4

Complaint

33.     Defendants have also effectively discharged other patients by making them wait inordinate times and discouraging them from coming to the ER and by pretending to perform the requisite screening and stabilization procedures but instead minimizing all contacts and care and only seeking to try to avoid liability for violating EMTALA and other laws and the hospital's own policies and procedures.

34.     SANTA ROSA MEMORIAL HOSPITAL (SRMH) has been repeatedly been cited for intentional understaffing by the CDPH.

35.     SRMH has repeatedly discharged patients prematurely in order to maximize their income and profits regardless of the risks imposed thereby on the patients.

36.     ANNA suffered extreme emotional distress due to Defendants' intentional and negligent infliction of emotional distress in refusing to provide her with treatment and delaying her emergency care and treatment and by instead first inquiring as to her insurance status and by forcing her to drive by her own private vehicle with her husband and three small children to another hospital just to get the mandatory and emergency treatment she needed for her severe pain and uncontrolled contractions and bleeding.  ANNA'S suffering and distress continued due to her apprehension and fear about her unborn child and the lack of timely care and the ongoing extreme emotional distress to her husband and three young daughters.  ANNA continued to suffer severe distress through the premature delivery, birth and struggles to survive and the ultimate death of her son, Gabriel Nephew.

37.     PETER NEPHEW suffered severe emotional distress as did the three daughters, AN, KN and IN,  as a result of the same misconduct.

## FIRST CAUSE OF ACTION

### (EMTALA 42 U.S.C. 1395dd)

38.     Plaintiffs reincorporate paragraphs 1 through 37, above.

39.     Defendants dumped and failed to screen or stabilize ANNA NEPHEW in violation of this law.

///

///

Complaint

### SECOND CAUSE OF ACTION

**(WELFARE & INSTITUTIONS CODE 15657 including 15657 Enhanced Remedies)**

40.   Plaintiffs reincorporate paragraphs 1 through 39 above.

41.   ANNA NEPHEW was a dependent adult per Welfare and Institutions Section 15600, et seq.  Defendants intentionally and recklessly neglected ANNA causing her severe suffering and emotional distress and premature labor and the loss of and death of her only son, Gabriel Nephew.

### THIRD CAUSE OF ACTION

**(Negligence)**

42.   Plaintiffs reincorporate paragraphs 1 through 41 above.

43.   General negligence including unreasonable care in violation of the above stated Federal and California statutory law and as well as in violation of Defendants' own policies and procedures as well as breach of Defendants' general and fiduciary duties to provide standard and reasonable care.  Plaintiffs and each of them also claim damages as direct victims and as bystanders due to negligent infliction of emotional distress.

### FOURTH CAUSE OF ACTION

**(Defendants' Intentional Infliction of Emotional Distress and Reckless Misconduct)**

44.   Plaintiffs reincorporate paragraphs 1 through 44 above.

45.   General negligence including unreasonable care in violation of the above stated Federal and California statutory law and as well as in violation of Defendants' own policies and procedures as well as breach of Defendants' general and fiduciary duties to provide standard and reasonable care.  Plaintiffs and each of them also claim damages as direct victims and as bystanders due to intentional infliction of emotional distress.

### FIFTH CAUSE OF ACTION

**(Wrongful Death of Gabriel Nephew)**

46.   Plaintiffs reincorporate paragraphs 1 through 45 above.

47.   Defendants' failures were a substantial factor in causing the premature birth of and ultimate death of Gabriel Nephew, who survived for many hours but died in significant part

Complaint

1   due to Defendants' failures and misconduct which were a substantial factor in his premature birth
2   and his death.

3                                      **DEMAND FOR RELIEF**

4          Wherefore, Plaintiffs pray for relief as follows:

5          1.      For wrongful death damages, economic and non-economic, to each of Plaintiff
6   according to proof;

7          2.      For enhanced remedies pursuant to California State Welfare & Institutions Code
8   §15657 including attorney fees and decedent's pre-death pain and suffering;

9          3.      For exemplary/punitive damages including but not limited to as provided for by
10  California Civil Code §3294;

11         4.      For EMTALA related remedies including, but not limited to, attorney fees and
12  costs and compensation to ANNA NEPHEW and PETER NEPHEW and their family members
13  and loved ones; and

14         5.      Prejudgement interest in the amount of 10% per year or at the maximum level
15  recoverable by law.

16  DATED:   April 14, 2015              LAW OFFICES OF DOUGLAS C. FLADSETH

17

18                                       _____
19                                       DOUGLAS C. FLADSETH
                                         Attorney for Plaintiffs
20

21

22

23                                **DEMAND FOR JURY TRIAL**
24
         Plaintiffs hereby demand a jury trial in this action.
25
    Dated: April 14, 205                LAW OFFICES OF DOUGLAS C. FLADSETH
26

27

28                                       _____
                                         DOUGLAS C. FLADSETH
                                         Attorney for Plaintiffs

Complaint