UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA NEPHEW, et al.,<br><br>         Plaintiffs,<br><br>    v.<br><br>SANTA ROSA MEMORIAL HOSPITAL, et al.,<br><br>         Defendants. | Case No.  15-cv-01684-JSC<br><br>**ORDER GRANTING PETITION TO APPROVE MINOR'S COMPROMISE**<br><br>Re: Dkt. No. 16 |

Plaintiffs Anna and Peter Nephew ("Plaintiffs"), parents of minors A.N., K.N., and I.N. (the "Minors"), petition the Court for an order approving the compromise of their minor daughters' claims against Santa Rosa Memorial Hospital and St. Joseph Health ("Defendants") for injuries arising out of Defendants' refusal to treat Anna, who was pregnant and experiencing contractions, when the family arrived at the hospital. (Dkt. No. 16.)  The petition is unopposed, and the Court finds the petition suitable for determination without oral argument.  *See* Civ. L.R. 7-1(b).  Because the Court finds the settlement fair and in the best interest of the Minors, the Court GRANTS the petition.[1]

## BACKGROUND

On April 15, 2014, Anna was 22 weeks pregnant with her fourth child when she began to experience contractions and severe pain.  (Dkt. No. 1 ¶ 1.)  Anna's husband, Peter, called Defendants' emergency room to advise that he was en route with Anna and to describe her symptoms.  (*Id.* ¶ 3.)  The Minors were in the car with their parents on the way to the hospital.  (*See id.* ¶ 27.)  Upon arrival, Anna was asked about her insurance and advised; Defendants then

---

[1] The Court has jurisdiction to rule on the petition under 28 U.S.C. § 636 as all parties have filed a notice of consent to proceed before a magistrate judge.  (*See* Dkt. Nos. 11, 18.)

United States District Court
Northern District of California

United States District Court
Northern District of California

1  understood that Anna was uninsured, covered only by a managed care Medicaid program.  (*Id.*

2  ¶¶ 4-5.)  As a result, Defendants delayed or refused to provide Anna with medical care, despite her

3  severe pain, bleeding, and premature contractions.  (*Id.* ¶ 6.)  Plaintiffs and the Minors left

4  Defendants' hospital and drove to a different hospital, where care and treatment was provided.

5  (*Id.* ¶¶ 7-8, 27.)  By that time, it was too late to prevent the premature birth of Plaintiffs' son,

6  Gabriel, who died the next day.  (*Id.* ¶ 8.)

7      Plaintiffs brought suit a year later against Defendants alleging the following five causes of

8  action: failure to medically screen Anna in violation of the Emergency Medical Treatment and

9  Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd; intentionally and recklessly neglecting

10  Anna in violation of California's Welfare & Institutions Code § 15657; negligence and intentional

11  infliction of emotional distress towards all Plaintiffs, including the Minors; and wrongful death.

12  (Dkt. No. 1.)  On July 9 2015, Defendants offered a proposed judgment pursuant to Federal Rule

13  of Civil Procedure 68 in exchange for settling this action in its entirety for $250,000.  (*See* Dkt.

14  No. 16 at 1.)

15      According to the parties' agreement, of that $250,000, each Minor will receive a structured

16  settlement in the amount of $15,000 to be available when each Minor reaches the age of 18.  (*Id.* at

17  4, 6.)  Plaintiffs' counsel will receive one-third of the total settlement fund—based on Plaintiffs'

18  contingency fee agreement—for a total of $83,333.33 along with reimbursement of costs advanced

19  in the amount of $5,280.34.  (*Id.* at 2.)  Plaintiffs Peter and Anna will receive the remainder:

20  $116,386.33.  Plaintiffs accepted the settlement offer on July 23, 2015 and subsequently filed the

21  instant petition to approve a minor's compromise.  (*See* Dkt. No. 19 at 2; Dkt. No. 16.)

22                                    **LEGAL STANDARD**

23      "District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to

24  safeguard the interests of litigants who are minors."  *Robidoux v. Rosengren*, 638 F.3d 1177, 1181

25  (9th Cir. 2011).  "Rule 17(c) provides, in relevant part, that a district court 'must appoint a

26  guardian ad litem—or issue other appropriate order—to protect a minor or incompetent person

27  who is unrepresented in an action.'"  *Id.* (quoting Fed. R. Civ. P. 17(c)).  "In the context of

28  proposed settlements in suits involving minor plaintiffs, this special duty requires a district court

2

to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem"). The court must consider whether the proposed settlement is fair and reasonable as to each minor plaintiff in the case. *Id.* at 1182.

The *Robidoux* court expressly limited its holding to review of a minor's federal claims, noting that it did "not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims." *Id.* at 1179 n.2. "Nevertheless, district courts have found the *Robidoux* rule reasonable in the context of state law claims and have applied the rule to evaluate the propriety of a settlement of a minor's state law claims as well." *Frary v. Cnty. of Marin*, No. 12-cv-03928-MEJ, 2015 WL 575818, at *2 (N.D. Cal. Feb. 10, 2015) (citations omitted); *Doe ex rel. Scott v. Gill*, No. C 11-4759 CW, *et al.*, 2012 WL 1939612, at *2 (N.D. Cal. May 29, 2012); *see also Mitchell v. Riverstone Residential Grp.*, No. Civ. S-11-LKK/CKD, 2013 WL 1680641, at *1 (E.D. Cal. Apr. 17, 2013) (collecting cases). As one court in this District explained, in *Robidoux* the "Ninth Circuit did not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims[,]" but where minors' claims arise under both federal and state law and the settlement is not claim-specific, "in the absence of clear authority directing the Court to do otherwise, the Court follows the Ninth Circuit's guidance in reviewing the reasonableness of the settlement[.]"[2] *Bor v. PPC WSSC LLC*, No. 11-cv-03430-LHK, 2012 WL

---

[2] Despite *Robidoux*, some federal courts reviewing the compromise of a minor's claims—both state and federal—have referred exclusively to applicable state law. *See, e.g.*, *Prescott v. Cnty. of Stanislaus*, No. 1:10-cv-00592-JLT, 2012 WL 2317542, at *2 (E.D. Cal. June 18, 2012) (collecting cases). In California, a settlement or compromise of a minor's claim is not enforceable without court approval. Cal. Code Civ. Proc. § 372. In addition, California law requires courts to approve the attorneys' fee to be paid for representation of a minor. *See* Cal. Prob. Code § 2601; Cal. Rule of Ct. 7.955. To determine whether the fee is reasonable, courts consider the time and labor required, whether the minor's representative consented to the fee, the amount of money involved and results obtained, and whether the fee is fixed or contingent. *See* Cal. Rule of Ct.

United States District Court
Northern District of California

1   1438779, at *3 (N.D. Cal. Apr. 25, 2012).  Thus, because the claims in this matter include both

2   federal and state law causes of action, the Court will apply the *Robidoux* rule to evaluate the

3   settlement of all of the Minors' claim.  *See, e.g.*, *Frary*, 2015 WL 575818, at *2-3; *Doe*, 2012 WL

4   1939612, at *2; *Bor*, 2012 WL 1438779, at *3.

5                                          **DISCUSSION**

6           Based on the Court's review of Plaintiffs' submissions, the proposed settlement is fair,

7   reasonable, and proper.  Under the terms of the settlement, each minor will receive a $15,000

8   settlement to be available to them once they reach the age of majority.  This amount is smaller

9   than the over-$115,000 that Anna and Peter will receive.  The settlement apportions the largest

10  recovery to Anna and Peter because they suffered the "major personal impact" as they "were the

11  most actively involved and aware of the situation"—namely, the denial of treatment at

12  Defendants' facility despite Anna suffering symptoms requiring immediate treatment.  (Dkt. No.

13  16 at 5.)  In contrast, according to the petition the Minors did not suffer physical injury nor long

14  term nor apparent lasting effects from the incident, and their claims are "primarily based on

15  Negligent Infliction of Emotional Distress [ ] since they did not go in to [sic] the hospital but

16  remained in the car in the hospital parking lot and did see their mother and father leaving the

17  hospital."  (*Id.* at 5, 8.)  In light of their role in the incident and the fact that the Minor's injuries

18  were not permanent, the $15,000 recovery for each Minor is fair and reasonable.

19          The petition does not identify any other EMTALA or negligent infliction of emotional

20  distress cases involving health care providers' failure to treat a minor's parent, whether resulting

21  in premature labor and death of the minor's sibling or otherwise.  The Court's own review of case

22  law did not yield any on-point comparators, either.  However, a review of claims involving failure

23

24  7.955(b).  Where a contingency fee has been proposed, "most courts require a showing of 'good
    cause' to award more than 25% of any recovery" and a greater award is "rare and justified only
25  when counsel proves that he or she provided extraordinary services."  *Schwall v. Meadow Wood
    Apts.*, No. CIV. S-07-0014 LKK, 2008 WL 552432, at *1-2 (E.D. Cal. Feb. 27, 2008) (quoting 2
26  Weil & Brown, *Cal. Practice Guide: Civ. Proc. Before Trial* §§ 12:576-12:577, 12-17 (2007)).
    When a fee is contingent, courts also consider the risk of loss, amount of costs advanced by
27  counsel, and the delay in reimbursement of costs and payment.  Cal. Rule of Ct. 7.955(b)(13).

28

to provide adequate medical treatment for minor's immediately family members provides further support for the reasonableness of the settlement, where the Minors' parent suffered yet survived and the decedent was their premature brother, who survived only one day. *See, e.g.*, *Armstrong v. Dossey*, No. 1:11-cv-01632-SKO, 2013 WL 4676541, at *3-4 (E.D. Cal. Aug. 30, 2013) (in a Section 1983 and negligence case for failure to provide medical treatment to minors' incarcerated father, approving recovery of $22,500 for minor with close relationship to father and $11,000 to minor with little to no relationship with father). In sum, upon consideration of the facts of the case, the Minors' claims, the risks of prolonged litigation and trial, and the recoveries in similar actions, the Court concludes that the proposed compromise is fair and reasonable.

To the extent that *Robidoux* does not apply, the Court is satisfied that the proposed settlement also comports with California law. Namely, the amount of the settlement is reasonable.[3] Moreover, while the Court normally requires a showing of good cause to approve attorneys' fees over 25%, *see Schwall*, 2008 WL 552432, at *1-2, here counsel primarily represented the adult parents of the minors, so it is not clear that the statutory approval is required. However, to the extent that it is, the petition includes the information required by California Rule of Court 7.955. The requested 33% attorneys' fee award is reasonable in light of the signed contingency agreement and the early resolution of this case, which prevented prolonged litigation costs and continued trauma of rehashing the events underlying the suit.

## CONCLUSION

For the reasons described above, the Court GRANTS the petition to approve the minors' compromise. The parties should file a stipulated dismissal pursuant to Federal Rule of Civil

---

[3] The damages cap in California's Medical Injury Compensation Reform Act ("MICRA") does not apply to claims brought under EMTALA, but it does apply to tort actions against a health care provider "based on professional negligence." *See Burrows v. Redbud Comm'y Hosp. Dist.*, 188 F.R.D. 356, 359 (N.D. Cal. 1997) (citing Cal. Civ. Code § 3333.2(a); Cal. Code Civ. Proc. § 667.7(e)(4)). While Plaintiffs urge that the gravamen of the Minors' claims sounds in Negligent Infliction of Emotional Distress, even if this claim were covered by MICRA, the settlement here is within the statutory cap that law sets forth. *See* Cal. Civ. Code § 3333.2(b) (noting that damages for claims against a healthcare professional for medical negligence are not to exceed $250,000).

United States District Court
Northern District of California

Procedure 41(a)(1)(A)(ii), which does not require an order of approval from the Court, by October 30, 2015.

This Order disposes of Docket No. 16.

**IT IS SO ORDERED.**

Dated: October 13, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California